IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| ENRIQUETA DIAZ,<br>　　　　Plaintiff,<br><br>v.<br><br>RAMSEY ENGLISH CANTU, in his official capacity as Maverick County Judge; ROXANNA RIOS, in her official capacity as Maverick County Commissioner; OLGA RAMOS, in her official capacity as Maverick County Commissioner; ROBERTO RUIZ, in his official capacity as Maverick County Commissioner,<br>　　　　Defendants. | Civil Action No.<br>2:23-CV-0060-AM |

## ORDER

Pending before the Court is Plaintiff Enriqueta Diaz' ("the Plaintiff") Complaint and ex parte Request for Injunction. (ECF No. 1). Having considered the pleading, facts presented, the relevant law, and for the reasons stated herein, the Request for Injunction is **DENIED**.

### I. BACKGROUND

The Plaintiff alleges that on October 10, 2023, she presented a petition to the Maverick County Elections Administrator requesting a ballot question be presented to voters regarding a bond issuance matter that was pending before the Maverick County Commissioners Court.[1] (*Id.*). The Maverick County Elections Administrator analyzed the petition and certified on October 27,

---

[1] Petitions of this nature are authorized by § 9.004 of the Texas Local Government Code, which requires a governing body to submit to the voters any amendments to a municipal charter supported by five percent of the municipality's qualified voters, or 20,000, whichever is smaller.

2023, that it contained 1,665 valid signatures. (*Id.* at 7). Immediately after presenting the petition, but before it was certified, the Plaintiff appeared at a Maverick County commissioners meeting which, under circumstances that are not clear, resulted in her arrest and citation for contempt. (*Id.* at 4).

The Plaintiff brings this action seeking a temporary restraining order, amongst other relief, enjoining Judge Cantu and other Maverick County commissioners from approving a $7.2 million bond issuance to be addressed at a meeting scheduled for 5:00 p.m. on November 6, 2023.[2] (*Id.* at 4, 5).

## II. ANALYSIS

Federal Rule of Civil Procedure 65(b) states that a court may issue a temporary restraining order without notice to the adverse party only if the "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). A motion for a temporary restraining order should be denied if these procedural requirements are not met. *Defense Distributed v. U.S. Dep't of State*, No. 18-CV-637-RP, 2021 WL 7286029, at *2 (W.D. Tex. Apr. 30, 2021); *Rockwell v. Delaney*, No. 19-CV-00102-DC, 2019 WL 2745754, at *1-2 (W.D. Tex. Apr. 16, 2019) (denying pro se plaintiff's motion for a temporary restraining order because she failed to follow the certification requirement, among other reasons); *see also Cotton v. Tx. Express Pipeline, LLC*, No. 16-CV-453-RP-JCM, 2017 WL 2999430, at *1-2 (W.D. Tex. Jan. 10, 2017) (same).

---

[2] Indeed, the Plaintiff filed this action minutes before the commissioners meeting was scheduled to begin.

2

To succeed on a motion for a temporary restraining order, the movant must establish four elements: (1) "a substantial likelihood that the movant will prevail on the merits"; (2) "a substantial threat that irreparable harm will result if the injunction is not granted"; (3) "the threatened injury outweighs the threatened harm to the defendant"; and (4) the injunction "will not disserve the public interest." *Clark v. Pichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citation omitted). An injunction is an "extraordinary [form of] relief." *Id.* (citation omitted). The decision whether to grant a temporary restraining order "is within the sound discretion of the district court." *Rockwell*, 2019 WL 2745754, at *2 (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

However, before the Court can embark upon such an analysis, jurisdiction must be had. It is axiomatic in our system that federal courts possess only the limited jurisdiction conferred upon them by the Constitution or statute. *In re Moody*, 849 F.2d 902, 904 (5th Cir. 1988). The Fifth Circuit has directed lower courts to "presume that a suit lies outside" this limited jurisdiction, which the Plaintiff bears the burden of establishing. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Federal jurisdiction broadly falls into two categories: federal question and diversity jurisdiction. The district courts possess federal question jurisdiction when the matter before the court presents not just a contested federal issue, but a substantial one. *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). In contrast, diversity jurisdiction exists where the case involves citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

It is facially apparent in this matter that if the Court has jurisdiction, it would be through a substantial federal question, as the parties all appear to be citizens of Texas. To determine the

question of jurisdiction, the Plaintiff's claims must be split into two categories. First, the Plaintiff appears to assert claims under 42 U.S.C. § 1983 for wrongful imprisonment and violation of the right to petition.[3] (ECF No. 1 at 4). Second, the Plaintiff requests injunctive relief against the Defendants over their failure to properly handle the petition in question, which sounds in state law. (*Id.* at 3, 4).

The Court has jurisdiction over the Plaintiff's § 1983 claim. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 395 (5th Cir. 2015). The Court may then maintain supplemental jurisdiction over the state law claim if it is so related to the other claim that it forms part of the same case or controversy. 28 U.S.C. § 1367. Here, there can be no question that the § 1983 claims are bound up with the state law claim because the Plaintiff specifically claims she was arrested for presenting the petition to the county commissioners. (ECF No. 1 at 3, 4). Since the claims involve the same course of conduct, and the same controversy, the Court has jurisdiction over all matters presented.

The Court now turns to the temporary restraining order analysis. The second, third, and fourth factors weigh in the Plaintiff's favor in this matter. Maintenance of the status quo until such time as the Court could hold a hearing on this matter would not disserve the public interest. Additionally, the county's alleged failure to follow state law in this matter threatens substantial and continuing harm to the Plaintiff. Such harm is dwarfed by any potentially suffered by Defendants if they were not able to expeditiously continue with the matters subject to the petition. The first factor, though, weighs against the Plaintiff. The section of Texas law that forms the basis for the Plaintiff's state law claim, § 9.004 of the Texas Local Government Code, applies by its very terms to home-rule municipalities. Counties, which are creatures of the Texas Constitution

---

[3] The Court arrives at this conclusion through a liberal reading of the Complaint, which the Plaintiff, as a pro se litigant, is entitled to. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A § 1983 claim is a cognizable avenue through which to seek redress for a violation of the Plaintiff's right to petition elected officials. *Lightell v. Walker*, 527 F. Supp. 3d 866, 884 (W.D. La. 2021).

4

and, as Article 11 thereof makes clear, are subdivisions of the state. Whether § 9.004 can held to apply to Defendants and Maverick County is unclear. Accordingly, a temporary restraining order shall not issue at this time.

### III. CONCLUSION

It is **ORDERED** that the Plaintiff's Ex Parte Motion for a Temporary Restraining Order (ECF No. 1) is **DENIED**. The Plaintiff's Motion to Proceed in forma pauperis is **GRANTED**. Although the Request for Injunction is **DENIED**, a preliminary injunction hearing is scheduled for November 14, 2023, at 10:30 a.m.

SIGNED and ENTERED on this 8th day of November 2023.

ALIA MOSES
Chief United States District Judge