IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **ENRIQUETA DIAZ**<br>*Plaintiff* | § § § § | |
| v. | § | NO. 2:23-CV-00060-AM |
| | § § § | |
| **RAMSEY ENGLISH-CANTU**, in his individual capacity and in his official capacity; **ROXANNA RIOS**, in her individual capacity and in her official capacity; **OLGA RAMOS**, in her individual capacity and in her official capacity; and **ROBERTO RUIZ**, in his individual capacity and in his official capacity,<br>*Defendants* | § § § | |

### SUPPLEMENT TO PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTION AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND REQUEST FOR INJUNCTION

TO THE HONORABLE CHIEF JUDGE ALIA MOSES:

COMES NOW Plaintiff, ENRIQUETA DIAZ, providing the Court a Supplement to her *Complaint and Request for Injunction* currently pending before this honorable Court, and would show the Court as follows:

1. Plaintiff, Enriqueta Diaz, commenced the current action before the Court on 6 November 2023, when she filed her *Complaint and Request for Injunction*.[1]

2. Plaintiff commenced this action, *pro se*, and was permitted to adduce evidence throughout the course of a roughly six-hour hearing conducted before the Court on 14 November 2023, at the

---
[1] E.C.F. No. 1.

   conclusion of which, the Court expressed its intention to appoint Ms. Diaz counsel. Up to that point, Plaintiff had been permitted to proceed *in forma pauperis*. Counsel for Plaintiff was duly appointed by this honorable Court on 16 November 2023.

3. Plaintiff incorporates by reference all factual allegations alleged in her *Complaint and Request for Injunction*,[2] including all evidence adduced during oral argument before this Court on 14 November 2023.

4. Plaintiff contends that her original filing passes muster under the pleading standards in *Twobly* and *Iqbal*, as the form of her original filing tracks precisely the form provided by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.[3]

5. Notwithstanding this, Plaintiff respectfully seeks of this honorable Court leave to amend her initial filing with the aid of counsel at the conclusion of the recessed hearing scheduled to resume today, 20 November 2023, at 10:30 am.

### I.     JURISDICTION

6. This matter is properly before the Court pursuant to 28 U.S.C. §1331, as it is a case involving a federal question, namely the deprivation of Ms. Diaz's rights pursuant to the First Amendment to the United States Constitution; the Fourth Amendment to the United States Constitution; and the Fourteenth Amendment to the United States Constitution, sought to be vindicated pursuant to 42 U.S.C. §1983.

7. The state law matters are properly before the Court pursuant to 28 U.S.C. §1367, as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[4]

---

[2] E.C.F. No. 1.
[3] *See* https://www.uscourts.gov/forms/pro-se-forms/complaint-and-request-injunction.
[4] 28 U.S.C. §1367.

## II.  NATURE OF SUIT AGAINST DEFENDANTS

8. The original *Complaint and Request for Injunction* did not specify the nature of the suit against Defendants. Plaintiff now seeks to inform the Court that she is seeking relief against these defendants both in their individual capacities and in their official capacities.

9. As the Court well knows, suits against the defendants in their individual capacities are suits against them individually, seeking money damages, which *do not* implicate sovereign immunity, notwithstanding other immunity claims which might arise.[5]

10. In contrast, seeking federal injunctive relief against a state official in their official capacity does not implicate sovereign immunity concerns under the doctrine of *Ex Parte Young*.[6]

11. Plaintiff has not commenced a suit in earnest against Defendants save for the seeking of an injunction presently before the Court.

## III.  PLAINTIFF SEEKS A PERMANENT INJUNCTION; AND IN THE ALTERNATIVE, A PRELIMINARY INJUNCTION

*Permanent Injunction Standard*

12. The granting of a permanent injunction is appropriate where Plaintiff has:

    a. Succeeded on the merits;

    b. A failure to grant the injunction will result in irreparable injury;

    c. Said injury outweighs any damage that the injunction will cause the opposing party; and

    d. The injunction will not disserve the public interest.[7]

---

[5] *See United States v. Abbitt*, 2023 U.S. App. LEXIS 28672 (5th Cir. 2023).
[6] *Ex Parte Young*, 209 U.S. 123 (1908).
[7] *Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021).

13. Moreover, a permanent injunction is only appropriate if Defendants' past conduct gives rise to an inference that, in light of present circumstances, there is a reasonable likelihood of future transgressions.[8]

### *Preliminary Injunction Standard*

14. A preliminary injunction may be granted only if the moving party establishes each of the following four factors:
    a. a substantial likelihood of success on the merits;
    b. a substantial threat that failure to grant the injunction will result in irreparable injury;
    c. the threatened injury to the applicant out-weighs the threatened harm to the party sought to be enjoined; and
    d. granting the injunction will not disserve the public interest.[9]

At the conclusion of the evidence adduced before the Court in the preliminary injunction hearing, Plaintiff will respectfully move this honorable Court for the issuance of a permanent injunction or, in the alternative, a preliminary injunction if thought appropriate by the Court; and will seek to amend her pleadings with leave of Court to do so.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that honorable Court afford her the opportunity to amend her pleadings at the conclusion of evidence in the preliminary injunction hearings and issue a permanent injunction.

Plaintiff further prays for all other relief, both legal and equitable, to which she may show herself justly entitled.

---

[8] *Ibid.*
[9] *Martinez-Castaneda v. Haley*, 2013 LEXIS 193450, *6 (W.D.TX July 1, 2013).

Respectfully Submitted,

**WEBB CASON & MANNING, P.C.**
710 Mesquite Street
Corpus Christi, Texas 78401
Telephone:  (361) 887-1031
Facsimile:  (361) 887-0903

By: */s/ Matthew S. Manning*
  MATTHEW S. MANNING
  State Bar No.: 24075847
  General Correspondence Email:
  matt@wcctxlaw.com
  **\* E-Service Email: service@wcctxlaw.com**
  **\* E-Service is only accepted at the above designated e-service e-mail address.**

  ATTORNEYS FOR PLAINTIFF

## NOTICE OF ELECTRONIC FILING

I, **MATTHEW S. MANNING**, do hereby certify that I have electronically submitted for filing a true copy of the above in accordance with the Electronic Case Files system of the Western District of Texas, on 20 November 2023.

  */s/Matthew S. Manning*
  Matthew S. Manning

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record on this 20 November 2023 via ECF electronic notice in compliance with Rule 5 of the Federal Rules of Civil Procedure and paragraph 9 of the Western District of Texas's Administrative Procedures for Electronic Filing in Civil and Criminal Cases by notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure.

  */s/Matthew S. Manning*
  Matthew S. Manning