IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| **ENRIQUETA DIAZ,**<br><br>       **Plaintiff**<br><br>v.<br><br>**RAMSEY ENGLISH CANTU, in his official capacity as Maverick County Judge; ROXANNA RIOS, in her official capacity as Maverick County Commissioner; OLGA RAMOS, in her official capacity as Maverick County Commissioner; ROBERTO RUIZ, in his official capacity as Maverick County Commissioner,**<br><br>       **Defendants** | Civil Action No. <u>2:23-CV-0060-AM</u> |

## **DEFENDANTS' ORIGINAL ANSWER**

**To:   Hon. Alia Moses, Chief United States District Jude for the Western District of Texas**

The defendants, namely Ramsey English Cantu, Roxanna Rios, Olga Ramos, and Roberto Ruiz, hereby submit their original answer to plaintiff, Enriqueta Diaz's original complaint.

### A. ADMISSIONS & DENIALS

1. <u>Page 3, Original Complaint</u>.

- Defendants deny that County Judge Ramsey English Cantu ordered the arrest and imprisonment of Enriqueta Diaz without judicial authority or due process of law.

- Defendants admit that five percent (5%) of the voters called for an election regarding the issuance of certificates of deposit, the subject of plaintiff's complaint.

- Defendants deny that an election is required when certificates of obligation are issued to control a nuisance dangerous to the health and safety of the public.

- Defendants dispute that they denied the voters' petition at a meeting of Commissioner's Court on October 10, 2023.

- Defendants deny that petitioner has a right under the United States Constitution to call for a certificate of obligation or bond election.

Page 4, Original Complaint

- Defendants deny that the events the subject of plaintiff's First Amendment and/or 1983 claim occurred on October 10, 2023.

- Defendants further deny that the events the subject of Plaintiff's complaint took place on the same date that she filed her voters' petition.

- Defendants admit that the County Judge ordered the arrest of plaintiff on October 30, 2023; twenty days after the date on which she submitted her voters' petition.

- Defendants deny that Plaintiff was arrested for submitting a voters' petition and respectfully assert that her arrest the result of contempt committed in the presence of the County Judge

- Defendants admit that the County Judge ordered the arrest of plaintiff, after first warning her of the possibility of contempt regarding her comments.

- Defendants deny that Enriqueta Diaz was detained for 3-4 hours in the rain.

- Defendants deny that the County Judge ordered her arrest after finding out he had no jurisdictional authority in Commissioner's Court.

- Defendants are unable to respond to the allegations contained in final paragraph B of plaintiff's

complaint, because they are unable to ascertain what date is meant by "today."

<u>Page 5, Original Complaint</u>

- Defendants respectfully assert that plaintiff's application for a temporary restraining order is moot; further, that they have already agreed to a preliminary injunction.

- Defendants would further show that plaintiff is not entitled to a permanent injunction for failure to state the additional acts of which she complains in Paragraph F, Page 5.

### B. DEFENSES & AFFIRMATIVE DEFENSES

2. Defendants, Roxanna Rios, Olga Ramos, and Roberto Ruiz have qualified immunity from liability under 42 U.S.C. § 1983 because they acted under the reasonable belief that their actions were in the course and scope of their official capacities as elected officials and said actions did not violate plaintiff's rights. Specifically, these three defendants did not vote to hold plaintiff in contempt or to arrest her. These defendants further deny that they assisted, encouraged, or acted in concert with the County Judge to cause Plaintiff's arrest. The actions of these three Commissioners did not violate clearly established statutory or constitutional rights which a reasonable person would have known.

3. Defendant, Ramsey English Cantu assets the defenses of judicial and qualified immunity. As an elected Judge, he acted within the course and scope of his judicial duties to maintain decorum in the Court. He additionally asserts the defense of qualified immunity because he acted under the reasonable belief that his actions were within the course and scope of his official capacity as an elected County Judge and that his actions did not violate plaintiff's rights.

4. Defendants deny that Plaintiff is entitled to permanent injunctive relief based on the "lack of

clean hands" doctrine. Specifically, Enriqueta Diaz signed the voters' petition twice.

5. Defendants would respectfully show that Maverick County is a necessary party to this litigation under Rule 19 and request that Plaintiff amend her pleadings to include Maverick County as a defendant.

6. Defendants are further not liable to plaintiff because:

a. Enriqueta Diaz assumed the risk of arrest when, after having been warned she could be arrested, she requested her own arrest.

b. Enriqueta Diaz consented to her arrest and is estopped from complaining about it. She specifically told the Judge to arrest and hold her in contempt.

c. Defendants deny that Enriqueta Diaz's comment ("*me vale*") and subsequent outburst in Commissioner's Court were protected speech.

e. Defendants deny that plaintiff's arrest ensued from the filing a voters' petition and assert that her contemptuous conduct was the basis of her arrest.

f. Defendants are not liable to the plaintiff because her own acts or omissions proximately caused or contributed to her alleged injuries.

g. Defendants deny that plaintiff suffered actual damages.

### C. PRAYER

7. For these reasons, defendants ask the Court to enter judgment that plaintiff take nothing, dismiss plaintiff's suit with prejudice, assess costs against plaintiff, and award defendant all other relief the Court deems appropriate.

Respectfully submitted,

/s/ Jack R. Stern
SBN 19175640
P.O. Box 4359
Del Rio, Texas 78841
Tel:     830.774.2920
Fax:    888.236.2839
Email: jack@sternlawcorp.com
Attorney for Defendants

CERTIFICATE OF SERVICE

I certify that I have furnished a true and correct copy of the defendants' Original Answer to all interested parties via the Court's CM/ECF System on this 26th day of November 2023.

/s/ Jack R. Stern