IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **ENRIQUETA DIAZ,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:23-cv-00060-AM |
| **RAMSEY ENGLISH CANTU, in his individual capacity and in his official capacity; ROXANNA RIOS, in her individual capacity and in her official capacity; OLGA RAMOS, in her individual and in her official capacity; and ROBERTO RUIZ, in his individual capacity and in his official capacity,** | § § § § § § § § § § | |
| *Defendants,* | § § | |

**DEFENDANTS' RULE 12B MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT [Dkt. 36]**

TO THE HONORABLE U.S. DISTRICT COURT:

DEFENDANTS RAMSEY ENGLISH CANTU, ROXANNA RIOS, OLGA RAMOS, and ROBERTO RUIZ, ("Defendants") file this Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 36] and would respectfully show the Court as follows:

**I.
PLAINTIFF'S FACTUAL ALLEGATIONS AGAINST DEFENDANTS**

1. Plaintiff alleges that she was involved in gathering and presenting a petition, signed by over 5% of the registered voters of Maverick County, which demanded an election regarding the potential issuance of certificates of obligation by Maverick County in the amount of $7.2 million. [Dkt. 36, ¶ 9-10].

2. On October 30, 2023, the Maverick County Commissioners Court held a Commissioners Court meeting at which the issuance of the certificates of obligation were discussed and became a subject of contention between Defendant County Judge Ramsey English Cantu (Judge English Cantu) and former County Judge/Plaintiff Enriqueta Diaz. [Dkt. 36, ¶¶ 11, 12, 13].

3. Judge English Cantu threatened to hold Plaintiff in contempt if she continued talking. [Dkt. 36, ¶ 13].

4. Defendants County Commissioners Roxanna Rios, Olga Ramos, and Roberto Ruiz ("Commissioners Rios, Ramos and Ruiz") "did not attempt to intervene or remind Judge English Cantu that he did not have the authority to hold Ms. Diaz in contempt as threatened." [Dkt. 36, ¶ 14].

5. Plaintiff alleges that Judge English Cantu believed she continued talking during the Commissioners Court meeting, even though she did not. Defendant English Cantu then ordered Plaintiff "taken into custody by a law enforcement officer, who escorted her outside." [Dkt. 36, ¶ 15]. Plaintiff alleges she was not allowed to return to the Commissioners Court meeting and was detained, at some point, outside in the rain for three to four hours. [Dkt. 36, ¶ 16, 18].

6. Judge English Cantu issued an *Order of Contempt of Court*, which directed the Maverick County Sheriff to "hold Enriqueta Diaz in confinement at the Maverick County Jail for 24 hours commencing from the time of arrest and released no sooner." [Dkt. 36, ¶ 19]. Plaintiff alleges she was then booked into the Maverick County Jail and released shortly after. [Dkt. 36, ¶ 21].

## II.
## MOTION TO DISMISS STANDARDS

**Rule 12(b)(1) lack of subject matter jurisdiction.**

7. A Rule 12(b)(1) motion to dismiss allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *See* Fed. R. Civ. P. 12(b)(1). "Lack of subject matter

jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

8. Plaintiff, as the party asserting jurisdiction, constantly bears the burden of proof in response to a Rule 12(b)(1) motion to dismiss that jurisdiction does in fact exist. *See id*. (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex.1995)); *Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir.1980).

9. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id*. (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977)).

10. "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Id*. (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)).

11. A Rule 12(b)(1) motion may be facial or factual.

> Simply stated, if the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands. If a defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.

*Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

12. Judicial analysis starts with the presumption that a federal court lacks subject-matter jurisdiction, and the burden of overcoming this presumption rests on the party claiming

jurisdiction. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). Here, Defendants present a "factual attack" that challenges the existence of subject matter jurisdiction and matters outside the pleadings may be considered. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) ("[A] 'factual attack' under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.").

> "Unlike in a facial attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981).

*Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas*, 260 F. Supp. 3d 738, 754–55 (S.D. Tex. 2017), aff'd sub nom., 734 F. App'x 916 (5th Cir. 2018).

**Rule 12(b)(6), failure to state a claim.**

13. If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED R. CIV. P 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 556 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Rather, the Court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light

most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).  While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *See Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

**Judicial Immunity.**

14.     A judge generally has absolute immunity from suits for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson v. Ray*, 386 U.S., at 554, 87 S.Ct., at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 815–819, 102 S.Ct. 2727, 2736–2739, 73 L.Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity).

*Id.* 502 U.S. at 11, 112 S. Ct. at 288.

15.     Judicial immunity is overcome in only two sets of circumstances, 1) "a judge is not immune from liability for nonjudicial actions," and 2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. 502 U.S. at 11–12, 112 S. Ct. at 288.

**Qualified Immunity.**

16.     Qualified immunity shields an officer from liability if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). In order to overcome qualified immunity, a plaintiff must show that the officer (1) violated a constitutional right and (2) that "the right at issue was 'clearly established' at the time of [the] alleged misconduct." *Id.* at 232, 129 S.Ct. 808 (quotation omitted). Courts have discretion to address either or both prongs. *Id.* at 236, 129 S.Ct. 808; *Ramirez v. Escajeda*, 44 F.4th 287, 291 (5th Cir. 2022).

17.    The "clearly established" prong requires that existing precedent must "squarely govern the specific facts at issue, such that only someone who is plainly incompetent or who knowingly violates the law would have behaved as the official did." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020). Courts must "frame the constitutional question with specificity and granularity," rather than "at a high level of generality." *Ramirez,* 44 F.4th at 292 (quoting *Morrow v. Meachum*, 917 F.3d 870, 874-75 (5th Cir. 2019) and *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011).

> An officer can be stripped of qualified immunity only when "the violative nature of the particular conduct is clearly established ... in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) (per curiam) (internal quotation marks and citations omitted). In sum, controlling precedent must have placed the question "beyond debate," with "the right's contours ... sufficiently definite that any reasonable official in the [officer's] shoes would have understood that he was violating it." *Plumhoff,* 572 U.S. at 778–79, 134 S.Ct. 2012 (quoting *al-Kidd*, 563 U.S. at 741, 131 S.Ct. 2074).

*Ramirez*, 44 F.4th at 292.

18.    Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision. *See Davis v. Scherer*, 468 U.S. 183, 194, 104 S. Ct. 3012, 3019, 82 L. Ed. 2d 139 (1984)("Neither federal nor state officials lose their immunity by violating the clear command of a statute or regulation—of federal or of state law—unless that statute or regulation provides the basis for the cause of action sued

upon.").

19. Qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991) quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986)).

20. "[A] defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution, or the federal statute as alleged by the plaintiff." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001). The officer is "entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions," even if the conduct violated the plaintiff's constitutional right. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(en banc).

21. Although qualified immunity is an affirmative defense, "plaintiff has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir.2009). To meet this burden the plaintiff must allege facts showing that the defendants committed a constitutional violation under the current law and that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of. *See Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 253 (5th Cir.2005).

22. The Court must examine each individual Defendant's actions independently to determine whether he or she is entitled to qualified immunity. *See Newman v. Guedry*, 703 F.3d 757, 762 (5th Cir.2012).

> To overcome a qualified immunity defense, the plaintiff must show that the officers could not reasonably believe that they had probable cause to arrest the plaintiff for any crime. *Id.*; *Cole v. Carson*, 802 F.3d 752, 764 (5th Cir. 2015)("[T]he relevant actors must be aware of facts constituting probable cause to arrest or detain the person for any crime."). "[E]ven law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Club*

*Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009).

*Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 741 (S.D. Tex. 2016).

## III.
## MOTION TO DISMISS

**Judge English Cantu.**

23.    Plaintiff claims that Defendant County Judge English Cantu violated the Plaintiff's Fourth Amendment right to freedom from "unlawful and unreasonable searches and seizures" when he removed her from the Commissioners Court meeting, detained her, and subsequently ordered her in contempt and to be held in Maverick County Jail.  [Dkt.36, ¶¶ 22-34].

24.    Plaintiff states that "Defendant English Cantu knew he had no legal authority or arguable probable cause to hold Ms. Diaz or order further that she be detained in the Maverick County Jail following her initial detention." [Dkt. 36 ¶ 25].

25.    However, Plaintiff pleads facts that contradict these contentions:

a) "Defendant English Cantu and Ms. Diaz...had a series of tense verbal exchanges." [Dkt. 36 ¶ 13].

b) "Defendant English Cantu then threatened to hold Ms. Diaz in contempt if she continued talking." [Dkt. 36 ¶ 13].

c) "On information and belief, Ms. Diaz did not continue talking, but Defendant English Cantu **believed** she had continued talking." [Dkt. 36 ¶ 15](emphasis added).

These facts as presented by Plaintiff, either taken separately or together, present arguable probable cause for Plaintiff's removal from the meeting, detention outside the meeting, and eventually being held in contempt and booked at the Maverick County Jail.  Plaintiff has not pled facts that plausibly state a claim for an arrest without probable cause.

26.     The Court should dismiss Plaintiff's claims against Judge English Cantu pursuant to Rule 12(b)(6) because Plaintiff has not pled sufficient facts to allow the Court to draw the reasonable inference that Judge English Cantu took any action outside of his judicial capacity that would make him liable for any of the misconduct alleged by Plaintiff.

**Judicial Immunity.**

27.     Plaintiff argues that Section 81.023 of the Texas Government Code is the only applicable law. This section states that …"the commissioners court shall punish a person held in contempt by a fine of not more than $25 or by confinement for not more than 24 hours. A person fined under this section may be confined until the fine is paid."

28.     However, Plaintiff does not cite to any authority for her conclusion that a County Judge does not have the independent authority to hold someone in contempt.

29.     Under the Texas Constitution, the County Judge is the presiding officer of the Commissioner's Court:

> Each county shall, in the manner provided for justice of the peace and constable precincts, be divided into four commissioners precincts in each of which there shall be elected by the qualified voters thereof one County Commissioner, who shall hold his office for four years and until his successor shall be elected and qualified. The County Commissioners so chosen, **with the County Judge as presiding officer**, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.

Tex. Const. art. V, § 18(b)(emphasis added). In Texas, the commissioner's court has legislative, executive, and judicial functions. *See Avery v. Midland Cnty., Tex.*, 390 U.S. 474, 482, 88 S. Ct. 1114, 1119, 20 L. Ed. 2d 45 (1968).

> As the brief description of the court's functions above amply demonstrates, this unit of local government cannot easily be classified in the neat categories favored by civics texts. The Texas commissioners courts are assigned some tasks which would normally be thought of as 'legislative,' others typically assigned to 'executive' or 'administrative' departments, and still others which are 'judicial.'

*Id.*

30. In fact, the Texas Constitution explicitly vests the commissioners court with judicial power:

> § 1. Judicial power vested in courts; legislative power regarding courts
>
> The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in **Commissioners Courts**, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

Tex. Const. art. V, § 1 (emphasis added); *see also Bates v. Pecos Cnty.*, 546 S.W.3d 277, 290 (Tex. App.—El Paso 2017, no pet.)("With respect to the judicial powers of this state, the Texas Constitution creates a number of courts, including constitutional county courts and commissioners courts.").

31. "The County Judge is the presiding officer of the County Court and has judicial functions as provided by law. County court judges shall have the power to issue writs necessary to enforce their jurisdiction." Tex. Const. art. V, § 16; *see also Pecos County*, 546 S.W.3d at 290.

32. Judges have inherent authority to control and bring proceedings into order.

> Inherent authority emanates "from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." Indeed, courts " 'are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.' "

*Brewer v. Lennox Hearth Prod., LLC*, 601 S.W.3d 704, 718 (Tex. 2020)(internal citations omitted); *Ex parte Browne*, 543 S.W.2d 82, 86 (Tex. 1976)("The power to punish for contempt is an inherent power of a court. It is an essential element of judicial independence and authority."); *see also Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977)("Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt.").

33. "There's no question that contempt orders are typically 'normal judicial functions.'" *Jones v. King,* No. P:22-CV-00030-DC, 2023 WL 7299134, at *5 (W.D. Tex. Nov. 4, 2023)(citing *Hennessey v. Blalack*, 1995 WL 71182, at *1–2 (5th Cir. Jan. 26, 1995) (unpublished) (citing *Malina v. Gonzales*, 994 F.2d 1121 (5th Cir. 1993)); *Nalls v. LaSalle*, 568 F. App'x 303, 306 (5th Cir. 2014) (unpublished) (observing that there was "no question" that a finding of contempt in the courtroom and arising out of a visit to the judge in her official capacity was a judicial act)).

34. Judge English Cantu acted in his judicial capacity as the County Judge exercising his inherent authority when he found Plaintiff in contempt and Judge English Cantu is entitled to absolute judicial immunity. The Court should dismiss Plaintiff's claims against Judge English Cantu pursuant to Rule 12(b)(1).

**Qualified Immunity.**

35. Alternatively, Judge English Cantu is entitled to qualified immunity, because Plaintiff has not pled sufficient facts to show that Judge English Cantu violated her constitutional rights or that any action taken by him was clearly established to be illegal at the time. Therefore, the Court should dismiss Plaintiffs' claims against Defendant English Cantu.

**Statute does not provide the basis for a Section 1983/4th Amendment cause of action.**

36. As previously stated, officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision. *See Davis v. Scherer*, 468 U.S. 183, 194, 104 S. Ct. 3012, 3019, 82 L. Ed. 2d 139 (1984)("Neither federal nor state officials lose their immunity by violating the clear command of a statute or regulation—of federal or of state law—**unless that statute or regulation provides the basis for the cause of action sued upon.**")(emphasis added).

37. Here Plaintiff claims that Judge English Cantu violated Section 81.023 of the Texas Government Code. [Dkt.36, ¶29]. However, Plaintiff has not and cannot show that Section 81.023 of the Texas Government Code "provides the basis for the cause of action sued upon." *Davis,* 468 U.S. at 194, 104 S.Ct. at 3019.

38. Plaintiff's Amended Complaint does not provide a basis to negate Judge English Cantu's entitlement to qualified immunity. Therefore, the Court should dismiss Plaintiff's claims against Judge English Cantu.

**Commissioners Rios, Ramos, and Ruiz.**

**Bystander Claims are inapplicable.**

39. Plaintiff's bystander claims are simply inapplicable to County Commissioners.

40. A law enforcement "officer may be liable under § 1983 under a theory of bystander liability where the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'" *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013)(quoting *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 204 (4th Cir.2002)). This is because "[A]ll law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Whitley*, 726 F.3d at 647, n.11 (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir.1994)).

41. However, there is no analogous affirmative duty for County Commissioners or other elected officials, and Plaintiff has not cited to any authority to the contrary.

42. Moreover, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948,

173 L. Ed. 2d 868 (2009). Plaintiff has pled no facts to plausibly show that Commissioners Rios, Ramos, or Ruiz took any individual actions to violate Plaintiff's constitutional rights.

43. Plaintiff has not pled sufficient facts to allow the Court to draw the reasonable inference that Commissioners Rios, Ramos, or Ruiz knew that Judge English Cantu was violating Plaintiff's rights.

44. Plaintiff has not pled sufficient facts to allow the Court to draw the reasonable inference that Commissioners Rios, Ramos, or Ruiz had any reasonable opportunity to prevent harm to Plaintiff.

45. Plaintiff has not pled sufficient facts to allow the Court to draw the reasonable inference that Commissioners Rios, Ramos, or Ruiz had an affirmative duty to intervene to protect Plaintiff's constitutional rights.

46. The Court should dismiss Plaintiff's claims against Commissioners Rios, Ramos, and Ruiz pursuant to Rule 12(b)(6) because Plaintiff has not pled sufficient facts to allow the Court to draw the reasonable inference that Commissioners Rios, Ramos, or Ruiz are liable for any of the misconduct alleged by Plaintiff.

**Qualified Immunity.**

47. Alternately, Commissioners Rios, Ramos, and Ruiz are entitled to qualified immunity because Plaintiff has not pled sufficient facts to show that Commissioners Rios, Ramos, or Ruiz violated her constitutional rights or that any action taken by Commissioners Rios, Ramos, or Ruiz was clearly established to be illegal at the time. Therefore, the Court should dismiss Plaintiffs' claims against Defendant Commissioners Rios, Ramos, and Ruiz.

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS respectfully request that the Court grant their Motion to Dismiss and dismiss all of Plaintiff's claims pursuant to FRCP 12(b)(1) and FRCP 12(b)(6) and for such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

Signed this the 4th day of January, 2024.

                Respectfully submitted,

**Denton Navarro Rocha Bernal & Zech, P.C.**
attorneys & counselors at law • rampagelaw.com

A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com

By: _____
SCOTT M. TSCHIRHART
State Bar No. 24013655
CLARISSA M. RODRIGUEZ
State Bar No. 24056222

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this 4th day of January, 2024, to the following:

Matthew S. Manning            Via Electronic Notification
WEBB CASON & MANNING, P.C.
710 Mesquite Street
Corpus Christi, Texas 78401
matt@wcctxlaw.com

Jack R. Stern               Via Electronic Notification
P.O. Box 4359
Del Rio, TX 78841
jack@sternlawcorp.com

                    _____
                    SCOTT M. TSCHIRHART